IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathanael L. Reynolds, | ) | C/A No.: 4:15-3256-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Judge William Driggers and Judge Delores F. Williams, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nathanael L. Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee currently incarcerated in the Charleston County Detention Center. Plaintiff filed this action against Judge William Driggers ("Driggers") and Judge Delores F. Williams ("Williams") (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he appeared in court on July 12, 2014, for a preliminary hearing, at which time Solicitor Tyler Brown "asked for several deferrals of cases on behalf of other inmates including [Plaintiff's]." [ECF No. 1 at 3]. Plaintiff argues Driggers was biased against him and the other inmates in hearing the case of a caucasian male, who

Driggers allowed to represent himself. *Id.* Plaintiff claims that he asked Driggers to allow him to proceed pro se, but Driggers denied his request. *Id.* Plaintiff states his preliminary hearing was rescheduled for August 28, 2014, and he was notified that his appointed attorney was again tardy. *Id.* Plaintiff alleges he told Driggers that he felt competent enough to proceed pro se. *Id.* Plaintiff alleges Driggers "stated in court that it was very ambiguous that he could do such a thin[g] and that there was a process." *Id.* at 3–4.

Plaintiff claims Williams notified him of his rescheduled preliminary hearing on September 28, 2014. *Id.* at 4. Plaintiff states he was not allowed to be present at the hearing. *Id.* Plaintiff claims he was permitted to proceed pro se at his October 24, 2014, bond hearing, and he told the bond judge that Driggers "allowed several deferrals of his probable cause hearing" and that probable cause was never proven by the prosecutor "to bond his case over." *Id.* Plaintiff alleges he also told the bond judge of Driggers' "prepossession towards blacks and how he refused to allow [Plaintiff] to represent himself." *Id.* Plaintiff says his cases were dropped after his bond hearing. *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

2

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Plaintiff sues Defendants for actions associated with the prosecution of his state criminal charges, including denial of Plaintiff's request to proceed pro se and continuances of his preliminary hearings. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v.*

*Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Further, judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Accordingly, Plaintiff's claims against Defendants are subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 24, 2015                                Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).